### JAMES S. BAKER, Respondent, *v.* WILLIAM H. SECOR, Appellant.

*Supreme Court, Second Department, General Term, December 2, 1889.*

1. *Assignment. Delivery.*—Where there is, in the answer, no denial of the legal assignment of a judgment, it is immaterial whether it was delivered to the assignee, or to some one for him, or rested in parol.
2. *Same. Satisfaction.*—An assignment of a judgment to an attorney for the convenience of the judgment creditor cannot prevail against a settlement thereof by the beneficial owner.
3. *Same. Wrongdoer.*—An assignment of a claim for false imprisonment to one, releases the other of the tort-feasors.

Appeal from judgment in favor of plaintiff for $5,224.46 and from order denying motion for a new trial.

Action for false imprisonment.

In January, 1884, plaintiff's son recovered judgment against him for wrongful conversion of moneys, and after return of execution against property unsatisfied, and at the instance of said son, defendant, who was his attorney, caused an execution against the person to be issued, upon which the plaintiff was arrested and detained for three days in custody of the sheriff, who caused him to be placed in a cell with criminals.

Plaintiff then brought action for false imprisonment against defendant in which he recovered judgment for $5,373.-77, which was afterwards set aside. Pending the appeal therein plaintiff compromised his claim for damages with his son, and assigned to him his claim and the judgment recovered by him, in consideration of the satisfaction and discharge of the judgment recovered by the son and on which he had been arrested.

On a second trial of this action the jury rendered a verdict

for $1,000 in plaintiff's favor, but the judgment thereon was reversed by this court. 22 N. Y. State Rep. 97.

*John Hallock Drake*, for appellant.

*B. W. Downing*, for respondent.

PRATT, J.—On January 20, 1887, while the facts were fresh in his mind, the plaintiff testified that he paid a judgment which his son then held against him, by assigning to that son the judgment in this action.

That testimony was corroborated by a written document put in evidence, signed by the plaintiff, dated January 25, 1887, in which he stipulates concerning the disposition to be made by the son, of the money expected to be realized from the judgment thus assigned. And on January 25, 1887, the son makes a written agreement, also concerning the disposition to be made by him of such money.

Upon the present trial plaintiff and his son were both examined as witnesses and seem to have lost all memory of these transactions. But there is no denial that the judgment held by the son against the plaintiff was paid. And the only denial attempted of the assignment by the plaintiff to the son is the statement by the father that he has never "delivered" any assignment of the judgment to his son.

That is no denial of the fact that the judgment was legally assigned. Whether the assignment was "delivered" to the son or to some third party, for his benefit, or whether it rested in parol only, was irrelevant.

The essential fact that the plaintiff had transferred his claim for damages to his son, one of the tort-feasors, for whose benefit it is now prosecuted, was not denied.

That brought the case within the rule laid down upon the former appeal, and the complaint should have been dismissed.

It appears that in June or July, 1886, the son executed to

his attorney an assignment of the judgment he held against his father, which he afterwards assumed with his father to discharge. Such assignment to the attorney does not affect the question here. The evidence shows that it was made for reasons of convenience, to be used for the benefit of the son. It could not prevail against the settlement of the judgment made by the beneficial owner.

It was urged upon us that the verdict was excessive. It was clearly so, but as the questions above discussed go to the whole recovery, an extended discussion of that point is not required.

Judgment reversed.

DYKMAN, J., concurs; BARNARD, P. J., not sitting.

---

### NOTE ON " STATUTORY RELEASE OF JOINT PARTY."

A release of one of several parties, who are jointly and severally liable on contract or jointly liable for a tort, may be so framed as to reserve the liability of the other parties so far as is necessary to preserve to the releasor his right to full satisfaction. Hood *v.* Hayward, 124 N. Y. 1.

The release of particular partners from a partnership obligation, under the provisions of § 1942 of the Code, need not follow the precise language of the statute. Harbeck *v.* Pupin, 123 N. Y. 115. If the debt released is in fact the only one held against the firm by the releasing creditor, it will be effectual, though it does not state in terms that it releases them from all liability incurred by reason of their connection with the copartnership. Id.

A release of one of two joint debtors will not operate to release the other, where it contains an express provision that it shall not so operate. Whittemore *v.* Judd L. & S. O. Co., 124 N. Y. 565. The intent of the parties. controls and limits its operation. Id.

See further, Benedict *v.* Rea, 35 Hun, 34; Gervine *v.* Milbank, 56 N. Y. 635; Morgan *v.* Smith, 70 Id. 537; Murray *v.* Fox, 104 N. Y. 382; Katz *v.* Schwab, 9 N. Y. St. Rep. 494; Murray *v.* Fox, 39 Hun, 108; Delong *v.* Curtis, 35 Id. 94; Coonley *v.* Wood, 36 Id. 559.